Filed 1/28/25  P. v. Rivera CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>CARMELO RIVERA III,<br><br>    Defendant and Appellant. | D084664<br><br><br>(Super. Ct. No. FSB21003926) |

APPEAL from a judgment of the Superior Court of San Bernardino County, Michael A. Smith, Judge.  Affirmed.

Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following a bench trial, a court convicted defendant and appellant Carmelo Rivera III of one count of assault by force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)), finding that his action in "placing his hand around [the victim's] neck to the point where she was

---

[1]     Undesignated statutory references are to the Penal Code.

having difficulty breathing is potentially the type of force that could or likely produce great bodily injury."  The court withheld pronouncement of judgment for two years and placed Rivera on supervised probation with various conditions.  It ordered him to pay certain fines and fees.[2]

Rivera's appointed appellate counsel has filed an opening brief raising no arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We invited Rivera to file a supplemental brief on his own behalf, but he did not do so.  Our independent review confirms there are no arguable issues on appeal.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2021, Rivera was living with S.A. in his two-story house in San Bernardino.  S.A.'s friend Ciara Alvarez[3] and Alvarez's young son was staying with them for a time.  A few days after she moved in, Alvarez, who was upstairs with her son, called 911.  She told the operator "this guy is strangling his girlfriend" using his hands, and that she heard them fighting and S.A. screaming.

Police officers responded to the call and detained Rivera.  One of the officers spoke with S.A., who was very shaken up.  S.A. told the officer she and Rivera had been arguing.  She told him that during the argument, Rivera got in S.A.'s way, and when she tried to move around him he punched or

---

[2]    Specifically, the court imposed without objection the minimum $300 restitution fine (§ 1202.4); a suspended $300 probation revocation restitution fine (§ 1202.44), a $40 court security assessment (§ 1465.8); a $30 criminal conviction assessment (Gov. Code, § 70373), and a $250 domestic violence prevention fee (§ 1463.27).

[3]    Alvarez died before trial.

2

slapped her in the face.  S.A. tripped and fell on her back, then Rivera mounted her, put his left hand over her mouth and had his right hand clamped over her neck.  S.A. yelled and screamed and was struggling to breathe.  The officer also spoke with Alvarez, who did not appear to be under the influence of drugs.  The officer observed that S.A. had a minor laceration on her hand and a "busted lip."

Rivera waived a jury and the matter proceeded to a bench trial.  At trial, S.A. denied having a physical altercation with Rivera that day, and claimed she was under pressure when she told police the argument turned physical and Rivera put his hands over her face and on her neck, causing her to have a hard time breathing.  She only recalled a loud verbal argument, after which the police arrived.  S.A. claimed she tripped because she was in a hurry to get the door for police.  She denied that Rivera hit her in anger that day, or that he did anything to make it hard for her to breathe.

Testifying in his defense, Rivera denied there was any violence in his relationship with S.A., who was his girlfriend.  He testified that S.A. had been drinking beer and was intoxicated and agitated on the day of his arrest.  He claimed he was checking on Alvarez's young son upstairs when police tried to kick down his door.  According to Rivera, S.A. ran to the stairs to tell him the police had arrived, then when he told her to open the door she ran back and tripped.  He told the officers that they had an argument and nothing happened; that it did not get physical.

The court admitted the tape and 911 call transcript into evidence over defense counsel's hearsay objection,[4] in part based on *People v. Romero* (2008) 44 Cal.4th 386, *People v. Cage* (2007) 40 Cal.4th 965 and *People v. Johnson* (2010) 189 Cal.App.4th 1216.  The court implicitly found the call was not testimonial and thus admissible without implicating the confrontation clause.

## DISCUSSION

As noted above, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders*, *supra,* 386 U.S. 738, counsel has identified two possible issues that this court considered in evaluating the potential merits of this appeal.  Counsel asks:

1.  Was the evidence sufficient to support the conviction for assault by means of force likely to produce great bodily injury?

2.  Was the 911 phone call admissible?

We have reviewed the entire record as required under *Wende, supra,* 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 and considered the potential issues raised by Rivera's appointed counsel.  We conclude there was no error in the court's admission of the 911 call evidence.  (See generally *Smith v. Arizona* (2024) 602 U.S. 779, 783-784 [discussing *Crawford, supra,* 541 U.S. 36 and the confrontation clause; citing authority holding that statements made to police to meet an ongoing emergency were not procured with a primary purpose of creating an out-of-court substitute for trial testimony and

---

[4] Rivera's counsel does not specify the nature of the objection in his appellate brief.  The record reflects that defense counsel raised a "problem . . . [with] the hearsay component" of the call.  The parties treated that remark as an objection that the call constituted testimonial hearsay barred by *Crawford v. Washington* (2004) 541 U.S. 36 (*Crawford*).

thus not testimonial].)  We further conclude substantial evidence supports Rivera's conviction.  (See *People v. Covino* (1980) 100 Cal.App.3d 660, 664-665, 667-668 [evidence that the defendant squeezed the victim's neck, victim appeared to be gasping and choking, and redness on victim's neck and back established force likely to produce great bodily injury]; *People v. Aguilar* (1997) 16 Cal.4th 1023, 1028 [holding it "well established" that "the use of hands or fists alone may support a conviction of assault 'by means of force likely to produce great bodily injury' "].)  There are no other arguable issues that would result in a reversal or modification of the judgment.  Competent counsel has represented Rivera on this appeal.

DISPOSITION

The judgment is affirmed.

O'ROURKE, Acting P. J.

WE CONCUR:


DATO, J.


DO, J.

5